# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Matthew Thompson, | Case No. 2:25-cv-01715-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| ARJ Hospitality NV, LLC dba Comfort Inn, | |
| Defendant. | |

Pro se Plaintiff Matthew Thompson filed an application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 1). However, Plaintiff's application is incomplete. So, the Court denies Plaintiff's application without prejudice.

**I.   Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271

Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

      Here, Plaintiff's application is incomplete.  Plaintiff does not explain whether he is employed or incarcerated in response to questions 1 and 2.  Plaintiff does not answer these questions at all.  Plaintiff also claims to make no money from any source, to have no money in cash or a checking or savings account, to have no bills, to have no dependents, and to have no debts or financial obligations.  On the docket, Plaintiff includes an address.  The Court takes judicial notice of the fact that public records reveal that the address is a house.  Plaintiff does not provide any details in the application regarding how he pays a mortgage or rent, how he pays utilities or other bills, or how he lives considering his claim to have no money and no bills.  The Court finds that Plaintiff has omitted information from the application.  As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.

      The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application.  The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions.  Plaintiff also may not leave any questions blank.  Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

      The Court denies Plaintiff's *in forma pauperis* application without prejudice.  The Court gives Plaintiff 30 days to file an updated application.  Plaintiff must fully answer all applicable questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

1  **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **October 16, 2025,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. **Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff the following: (1) a copy of this order; and (2) a copy of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: September 15, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.