**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Matthew Thompson,

        Plaintiff,

    v.

ARJ Hospitality NV, LLC; et al.,

        Defendants.

Case No. 2:25-cv-01715-JAD-DJA

**Order**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 4). Plaintiff has also moved for an expedited ruling on his *in forma pauperis* application (ECF No. 5) and for leave to file an amended complaint (ECF No. 6). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. The Court denies Plaintiff's motion to expedite as moot. The Court further grants Plaintiff's motion to file a first amended complaint and will screen Plaintiff's proposed amended complaint and not his original complaint (ECF No. 1-1) or the one that Plaintiff filed with his renewed application to proceed *in forma pauperis* (ECF No. 4-1). However, because the Court finds that Plaintiff's amended complaint does not properly assert this Court's jurisdiction, the Court dismisses Plaintiff's complaint without prejudice and with leave to amend. The Court further screens Plaintiff's complaint and informs him where he has not alleged colorable claims for relief so that he may have instructions on how to cure the deficiencies in any amendment.

**I.**     *In forma pauperis* **application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 4). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a) and Plaintiff's motion for expedited

ruling will be denied as moot.  (ECF No. 5).  The Court will now review Plaintiff's amended complaint.

## II.   Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**III.    Screening the complaint.**

Plaintiff moves to amend his complaint to add a Defendant.  (ECF No. 6).  Courts freely give leave to amend when justice so requires.  *See* Fed. R. Civ. P. 15(a)(2).  So, the Court grants Plaintiff's motion to amend his complaint.  The Court will screen the first amended complaint and not the original because amended complaints supersede the original.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

In his first amended complaint, Plaintiff sues ARJ Hospitality NV, LLC and its managing partner Harish Sethi for damages and injunctive relief, alleging claims for breach of contract, malicious prosecution, violation of the Civil Rights Act of 1866, intentional infliction of emotional distress, intentional interference with prospective business relationships, and defamation per se.  Plaintiff alleges that on May 8, 2023, Plaintiff, through his company Damoneka Enterprises, entered into a written Service Contract with ARJ, through its managing partner and authorized agent Sethi.  Plaintiff asserts that the contract term ran from May 8, 2023, until May 8, 2024, and that the contract could only be dissolved by mutual agreement or if Damoneka failed to perform, but could not be terminated by ARJ unilaterally.  The contract provided that any breach would be remedied by immediate payment for any remaining time of the contract along with a 25% penalty.

Plaintiff asserts that he performed all services required by the contract.  However, in February of 2024, ARJ, acting through Sethi,[1] terminated the contract without notice, without mutual agreement, and without cause.  Plaintiff asserts that ARJ also failed to comply with the contract's liquidated damages provision requiring ARJ to pay Plaintiff for the remainder of the contract and a 25% penalty and also failed to pay Plaintiff the $5,000.00 performance bonus he had earned under the terms of the contract.  Also in February 2024, Sethi personally caused false

---

[1] Plaintiff will occasionally refer to Sethi acting on behalf of ARJ or to Defendants without differentiating between ARJ and Sethi.  In Nevada, typically "no person other than the limited-liability company is individually liable for a debt or liability of the limited-liability company unless the person acts as the alter ego of the limited-liability company."  Nev. Rev. Stat. § 86.376.  For the purposes of screening, the Court liberally construes Plaintiff's complaint as seeking to also hold Sethi liable as an alter ego of ARJ.

criminal charges of embezzlement to be filed against Plaintiff in the Tonopah Township Justice Court, Nye County, Nevada under Case No. 24-cr-00021, LEA No. 24NY-0531.  Plaintiff asserts that the charges were false because the over $5,000.00 that Sethi claimed that Plaintiff had embezzled was actually money that Plaintiff was entitled to under the terms of the contract.

While those charges were pending, on June 7, 2024, Plaintiff applied to a new job with Wyndham Vacation Ownership, Inc. dba Wyndham Destinations (Travel + Leisure Co.) ("Wyndham") and received a written offer of employment with a start date of June 29, 2024. But, when Plaintiff's new employer conducted a background check, it discovered the pending felony against him and therefore did not move forward with hiring Plaintiff.  Plaintiff also claims that Sethi personally contacted other hotel owners and managers in the hospitality industry and demanded that they refuse to engage Plaintiff for contracting or employment.  Plaintiff asserts that Sethi did this in his personal capacity and on behalf of ARJ.  On August 20, 2025, the Nye County District Attorney dismissed the charges against Plaintiff.

### A.     Jurisdiction.

As a preliminary matter, the Court must determine whether it has jurisdiction over the action.  Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete

diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, Plaintiff invokes various bases for the Court's jurisdiction over this action, none of which actually establish this Court's jurisdiction. However, Plaintiff also references the Civil Rights Act of 1866, which is now codified at 42 U.S.C. § 1981, in the jurisdiction section of his complaint. The Court therefore liberally construes Plaintiff as invoking federal question jurisdiction. But, as outlined more fully below, Plaintiff does not allege a colorable claim under 42 U.S.C. § 1981, leaving only his state law claims. So, the Court lacks federal question jurisdiction over Plaintiff's complaint as alleged.

Plaintiff also asserts that the amount in controversy exceeds $75,000.00 in his jurisdictional statement. So, the Court liberally construes his complaint as invoking diversity jurisdiction. But while Plaintiff asserts that he is a citizen of Washington, he does not provide sufficient information about the citizenship of ARJ or Sethi. ARJ, because it is a limited liability company, is a citizen of every state in which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff alleges that ARJ is a Nevada limited liability company, but he does not identify the citizenship of its owners/members. Plaintiff also does not identify Sethi's citizenship.

Because Plaintiff does not sufficiently allege that this Court has subject matter jurisdiction over the case, the Court dismisses it without prejudice. In any amended complaint, Plaintiff must establish this Court's jurisdiction over his claims. Even if Plaintiff did properly allege this Court's jurisdiction over his claims, certain of his claims are not sufficiently alleged. So, the Court will screen Plaintiff's claims to provide him with instructions on how to cure the deficiencies.

**B.    *Breach of contract.***

Breach of contract claims arise under state law. To succeed on a breach of contract claim, a plaintiff must show: (1) the existence of a valid contract; (2) a breach of that contract; and (3) damage as a result of the breach. *See Saini v. International Game Tech.*, 434 F.Supp.2d 913, 919-20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev 1865)). Here, Plaintiff

alleges that there was a valid contract between him on behalf of his company and Sethi on behalf of ARJ. He also alleges that Sethi, on behalf of ARJ, breached the contract by terminating it unilaterally and without complying with the liquidated damages provision or the bonus provision. As a result, Plaintiff lost money that he was owed under the terms of the contract. So, Plaintiff has alleged a colorable claim for breach of contract against ARJ and Sethi under Nevada law. However, because Plaintiff has not established this Court's jurisdiction over this case, the Court dismisses the complaint without prejudice and with leave to amend.

### C.      *Malicious prosecution.*

Plaintiff does not identify whether he brings his malicious prosecution claim under federal or state law. To plead a claim for malicious prosecution under Nevada law, a plaintiff must allege: (1) that defendants lacked probable cause to initiate the prosecution; (2) malice; (3) the prior criminal proceedings were terminated in their favor; and (4) the plaintiff suffered damages. *See LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002). Some courts have found that, in certain circumstances, a plaintiff may bring a tort claim for malicious prosecution against a private citizen if that private citizen provided false information to the authorities to further the prosecution. *See Goehring v. Wright*, 858 F.Supp. 989, 1000-1001 (N.D. Cal. 1994) (denying two private citizens' motion for summary judgment on a malicious prosecution claim against them because there were genuine issues of material fact regarding whether the private citizens knowingly made false reports to the authorities about the plaintiff's actions); *see Sullivan v. County of Los Angeles*, 572 P.2d 865, 871 (Cal. 1974) (explaining that, under California law, "[c]ases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime"); *see Samuelson v. Jewell School Distrct 8*, 725 F.Supp.3d 1195, 1218 (D. Or. 2024) (citing the Restatement (First) of Torts § 653 and the Restatement (Second) of Torts § 653 (1977) for the proposition that "[a] private person who initiates or procures the institution of criminal proceedings against another who is not guilty of the offense charged is subject to liability for malicious prosecution if…he initiates or procures the

proceedings without probable cause and primarily for a purpose other than that of bringing an offender to justice.").

A claim for malicious prosecution under federal law, arising under 42 U.S.C. § 1983 requires plaintiffs to allege these elements plus the additional elements that defendants were acting under the color of state law and prosecuted the plaintiff  "for the purpose of denying [them] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (internal citations omitted) (explaining that an allegation of malicious prosecution does not itself constitute a due process violation); *see Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (explaining that a "plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of his 'rights, privileges, or immunities secured by the Constitution and [federal] laws' by a person or entity, including a municipality, acting under the color of state law.").

Here, as a preliminary matter, Plaintiff brings his clams against both ARJ and Sethi. However, Plaintiff alleges that Sethi was the one to bring the falsified charges against him.  So, the Court construes Plaintiff's complaint as bringing this claim against Sethi alone.

Next, Plaintiff does not allege that Sethi was acting under color of state law[2] or that Sethi deprived him of equal protection or a specific constitutional right.  So, the Court construes his malicious prosecution claim as arising under state law.  Plaintiff alleges all the elements for a state law claim of malicious prosecution.  Plaintiff asserts that the charges against him were brought without probable cause because Sethi made a false accusation against Plaintiff.  Plaintiff also alleges that Sethi acted with malice by acting with the intent to allow ARJ to escape its

---

[2] "A person may become a state actor by conspiring with a state official, or by engaging in joint activity with state officials." *See Price v. State of Hawaii*, 939 F.2d 702, 708–09 (9th Cir. 1991) (citing *Sable Communications v.. Pacific Tel. & Tel. Co*., 890 F.2d 184, 189 (9th Cir. 1989)). The joint action test requires the private party to be a "willful participant" with state actors, and the private party's actions must be "inextricably intertwined" with the state actors' actions in an activity that deprives an individual of his constitutional or federal rights. *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1211 (9th Cir. 2002).  Further, the private party needs to have some control over the state actors' decision making. *See Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1357 (9th Cir. 1981).

contractual liability and to harm Plaintiff.  Plaintiff also asserts that the proceeding was terminated in his favor by a dismissal with prejudice on August 20, 2025.  Finally, Plaintiff asserts that he suffered damages.  Plaintiff has therefore alleged a colorable claim for malicious prosecution arising under Nevada law.  However, because Plaintiff has not established this Court's jurisdiction over this case, the Court dismisses the complaint without prejudice and with leave to amend.

### D.    Violation of the Civil Rights Act of 1866.

42 U.S.C. § 1981 was originally § 1 of the Civil Rights Act of 1866, 14 Stat. 27. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006).  That statute functions to protect the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race.  *See id.* (citing 42 U.S.C. § 1981(a)).  To state a cognizable claim under § 1981, a plaintiff must allege that he was subjected to intentional discrimination on account of race.  *See Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989).

Here, Plaintiff claims that Defendants deprived Plaintiff the rights secured by 42 U.S.C. § 1981 by breaching the contract with him, by Sethi filing false charges against him, and by Sethi discouraging others from hiring Plaintiff.  But Plaintiff does not indicate that Defendants took these actions on the basis of his race.  So, he has not alleged a colorable claim under 42 U.S.C. § 1981 and the Court dismisses this claim without prejudice and with leave to amend.

### E.    Intentional infliction of emotional distress.

Under Nevada law, to establish a cause of action for intentional infliction of emotional distress, a plaintiff must show: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation."  *Olivero v. Lowe*, 995 P.2d 1023, 1025-26 (Nev. 2000).  The Nevada Supreme Court has defined "extreme and outrageous conduct" as "conduct which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community."  *Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (Nev. 1998).  Conduct that is merely "inconsiderate and unkind" does not rise to the level of outrage. *Id.*

Here, Plaintiff has alleged a colorable claim for intentional infliction of emotional distress. Plaintiff alleges that ARJ and Sethi acted in an extreme and outrageous manner by breaching the contract and then by Sethi filing false charges against him and then contacting other businesses to prevent them from hiring Plaintiff.  Plaintiff also alleges that he suffered emotional distress as a result of ARJ and Sethi's actions.  So, Plaintiff has alleged a colorable claim for intentional infliction of emotional distress under Nevada law.  However, because Plaintiff has not established this Court's jurisdiction over this case, the Court dismisses the complaint without prejudice and with leave to amend.

### F.    Intentional interference with prospective business relationships.

To allege a claim for intentional interference with a prospective business advantage, the plaintiff must show,:"(1) a prospective contractual relationship between the plaintiff and a third party, (2) the defendant's knowledge of this prospective relationship, (3) the intent to harm the plaintiff by preventing the relationship, (4) the absence of privilege or justification by the defendant, and (5) actual harm to the plaintiff as a result of the defendant's conduct." *Consolidated Generator–Nevada, Inc. v. Cummins Engine Co. Inc.*, 971 P.2d 1251, 1255 (Nev. 1998).

Here, Plaintiff alleges the first, fourth, and fifth elements of this claim.  But Plaintiff does not allege that Sethi and ARJ knew about his prospective business relationship with Wyndam specifically or their intent to prevent that relationship.  Instead, Plaintiff alleges more generally that Sethi should have known that seeking a felony charge against Plaintiff would "foreseeably prevent Plaintiff from entering employment contracts requiring background check clearance."  Plaintiff also alleges that Sethi personally contacted other hospitality industry professionals to discourage them from hiring him.  But Plaintiff does not allege to have had any prospective business relationships with the professionals that Sethi contacted.  So, Plaintiff has not alleged a colorable claim for intentional interference with prospective business advantage and the Court dismisses it without prejudice and with leave to amend.

### G.    Defamation per se.

Defamation encompasses both slander (spoken) and libel (written) defamatory statements. *Flowers v. Carville*, 292 F.Supp.2d 1225, 1232 n.1 (D. Nev. 2003).  To state a claim for defamation, Plaintiff must allege the following elements: "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Rosen v. Tarkanian*, 453 P.3d 1220, 1225 (Nev. 2019); *see also* Nev. Rev. Stat. § 200.510(1) (defining libel).  Whether a statement is capable of a defamatory construction is a question of law for the court to decide. *Branda v. Sanford*, 637 P.2d 1223, 1225-26 (Nev. 1981).  "A statement is defamatory when, '[u]nder any reasonable definition[,] such charges would tend to lower the subject in the estimation of the community and to excite derogatory opinions against him and to hold him up to contempt.'" *Posadas v. City of Reno*, 851 P.2d 438, 442 (Nev. 1993) (*quoting Las Vegas Sun v. Franklin*, 329 P.2d 867, 869 (Nev. 1958)).  "In determining whether a statement is actionable for the purposes of a defamation suit, the court must ask whether a reasonable person would be likely to understand the remark as an expression of the source's opinion or as a statement of existing fact." *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 88 (Nev. 2002) (internal citations omitted).

Some classes of defamatory statements—known as "defamation *per se*"—are considered so likely to cause serious injury to reputation and pecuniary loss that these statements are actionable without proof of damages. *K-Mart Corp. v. Washington*, 866 P.2d 274, 284 (Nev. 1993) (overruled in part on other grounds).  A statement is considered defamation per se, "i.e., actionable without a showing of such special damages only if it falls into one of usually four categories: (1) imputations that plaintiff has committed a crime; (2) imputations that would injure plaintiff's trade, business or office; (3) imputations that the plaintiff has contracted a loathsome disease; and ... (4) imputations of unchastity in a woman." *Branda*, 637 P.2d at 1225.

Here, Plaintiff has alleged that Sethi made a false statement that Plaintiff had committed felony embezzlement to the Nye County District Attorney, which false statement resulted in a public criminal record and the loss of Plaintiff's contract with Wyndham.  Plaintiff also alleges that the statement was an imputation that would injure Plaintiff's business.  So, Plaintiff has

alleged a colorable claim of defamation per se against Sethi.  However, Plaintiff does not allege that Sethi made these statements in his role as ARJ managing partner, so the Court does not construe Plaintiff's complaint as bringing this claim against ARJ.  In any event, because Plaintiff has not established this Court's jurisdiction over this case, the Court dismisses the complaint without prejudice and with leave to amend

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's motion to expedite (ECF No. 5) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 6) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's amended complaint (ECF No. 6-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 6-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **May 28, 2026,** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order.

DATED: April 28, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE